[No. 7263. Decided June 13, 1908.]

N. N. HAGENESS *et al.*, *Respondents*, v. TACOMA RAILWAY & POWER COMPANY, *Appellant.*[1]

APPEAL—REVIEW—VERDICTS. A verdict should not be set aside because against the weight of the evidence where there was sufficient competent evidence to sustain it.

DAMAGES—PERSONAL INJURIES — EXCESSIVENESS. A verdict for $2,000 for personal injuries to the leg and foot, resulting in chronic synivitis, is not excessive, where it appears that the plaintiff suffered continued pain up to the time of the trial, it was impossible for her to do her ordinary housework, the injury affected her earning capacity in giving music lessons, and she was put to considerable expense, and might need a surgical operation.

[1]Reported in 96 Pac. 6.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered November 20, 1907, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries.   Affirmed.

*L. F. Chester*, for appellant.

*Raymond J. McMillan* and *Frank H. Kelley*, for respondents.

HADLEY, C. J.—This is an action by a husband and wife to recover damages for injuries to the wife, alleged to have been received in a street car accident.   The complaint alleges, that the injured plaintiff was a passenger upon one of the defendant's cars, and that she seasonably notified the conductor that she desired to leave the car at the corner of Ninth and C streets in Tacoma; that she had in her company a little son about four years of age; that the car stopped at the corner and she and her son prepared to leave it, but while she was still standing with one foot upon the car step and exercising care to protect herself and her son from injury, the car was negligently and prematurely started, and she and her son were thereby violently thrown to the ground, whereby she was injured in her left foot, left leg and ankle, and was severely strained and bruised in the lower part of her back and also about the abdomen.   A trial was had before a jury, and a verdict was returned for plaintiffs in the sum of $2,000. Judgment was entered for the amount of the verdict, and the defendant's motion for new trial having been denied, it has appealed.

It is first assigned that the court erred in overruling the motion for a new trial, for the reason that the verdict is against the weight of the evidence.   It was for the jury to pass upon the weight of the evidence.   There was sufficient competent evidence to sustain the verdict.   There was testimony in support of the allegations of the complaint as above set forth, and although there was conflicting testimony, yet it

was the province of the jury to pass upon the reliability of all the evidence. The court did not err in denying the new trial on the ground of insufficiency of the evidence.

It is also urged that it was error to deny the motion for new trial without requiring a remittance from the amount of the verdict, for the reason that the verdict is excessive. We are not prepared to say that the amount is excessive. There was evidence that the injury resulted in chronic synivitis, the pain and interference from which is in direct proportion to the extent the limb is used. It was also testified that Mrs. Hageness suffered much and continued pain from the time of the injury up to the time of the trial; that it was impossible for her to do her ordinary work, and she was deprived of exercising her ordinary earning capacity by giving music lessons. It was shown that she was at considerable expense for medical care, nursing, medical supplies, and incidental expenses, made necessary by the injury. It was also testified that the injury has resulted in retroversion of the womb, which may require active surgical interference to remedy. Under these circumstances we shall not undertake to say that the amount of the verdict is excessive, and particularly so since the trial court, who heard the testimony and observed the witnesses, has declined to do so.

Several errors are assigned upon the court's instructions. We think it unnecessary to enter upon a discussion of these in detail. A careful reading of the charge of the court convinces us that in its entirety it was very clear and fair, and that the jury could not have been in any way misled thereby to the prejudice of appellant.

The judgment is affirmed.

RUDKIN, FULLERTON, CROW, ROOT, MOUNT, and DUNBAR, JJ., concur.